OSWOLD v. BUCKHOLZ.

1. MECHANIC'S LIEN. The purchaser of property on leased premises sold to enforce a mechanic's lien against the lessee, acquires no greater rights than the lessee himself; and when such property can, by the contract of lease, be removed by the lessee only upon the performance of certain conditions, the removal before such performance, by a purchaser, will be enjoined.

*Appeal from Dubuque District Court.*

SATURDAY, JUNE 28.

THE facts are stated in the opinion of the court.

*J. M. Griffith* and *W. J. Knight* for the appellant.

No appearance for the appellee.

LOWE, J. — On the 23d day of March, 1857, the plaintiff demised, by a written lease, which was duly recorded, certain premises in the city of Dubuque, to one Schmitz, who was to hold the same for a term of seven years, and pay all taxes, and an annual rent of $150, payable quarterly, in advance, a failure to do which, on the part of the lessee, was to work a forfeiture of all his rights under the lease. It was further stipulated in the lease, "that all improvements made upon the lot during the term thereof, by said lessee, may be moved and taken off by him at the *expiration* of this lease, provided that all the rents and taxes, and all assessments shall have been fully paid, and all the other conditions of this lease shall have been fully complied with."

Under this lease, Schmitz took possession of the demised premises, and two years thereafter, while he was indebted for rent in arrear, he employed the defendant, Buckholz, to erect thereon a frame building, which rested upon posts driven into the earth.

Buckholz afterwards brought his special action against Schmitz, to enforce his mechanic's lien, and to recover the price and value of his work, and accordingly obtained a judgment for $188.85, and had his mechanic's lien established on the demised premises aforesaid.

On the 10th day of September, 1859, the defendant, Buckholz, had sold on execution issued upon said judgment, the frame house aforesaid, which he had built for Schmitz, and purchased it in himself at $210, and proceeded to remove the house from the premises, to restrain which the plaintiff commenced this proceeding, by injunction. Upon hearing, the court made the same perpetual, and the defendant appeals.

As the plaintiff was not a party to the special proceedings establishing the mechanic's lien, his rights, of course, stand unaffected thereby. The evidence shows, that at the time that defendant was attempting to move off this house, Schmitz was in arrear for rent, that defendant had been informed in relation to the lease, and its terms, that under the covenants of the lease, Schmitz himself could not have removed the house until the expiration thereof, and not even then, till he had fully complied with all the conditions of his lease, in the payment of the rent, and all other dues properly chargeable to him under the same. We suppose the defendant, in his purchase, succeeded to no greater interest in, or higher rights to, the property in question, than Schmitz possessed.

The judgment below is

Affirmed.