## BAYLIES *et al. v.* SINEX.

STATUTES CONSTRUED—MECHANIC'S LIEN.—Under sections 647 and 648 of the code, on the subject of mechanic's liens, no lien can be acquired upon specific articles furnished for a building, as distinct from the building, but only upon the building in which they are placed, or on the land whereon they are placed, or both.

APPEAL from the *Wayne* Common Pleas.

WORDEN, J.—This was an action by *Sinex* against *Blanchard, Bargeon, Baylies, Marchant* and *Baylies,* upon promissory notes executed by *Blanchard & Bargeon* to the plaintiff, and to enforce a mechanic's lien.

The plaintiff manufactured for and sold to *Blanchard & Bargeon* a certain boiler, at the price of 455 dollars, and took their notes for the amount. The plaintiff also, within the proper time, filed in the recorder's office notice of his intention to hold a lien upon the boiler. The boiler was placed in or attached to a machine shop owned by *Blanchard & Bargeon,* and was used to propel the machinery by steam. The notice, however, did not claim any lien either upon the machine shop or the ground on which it stood, but simply upon

Baylies et al. *v.* Sinex.

the boiler. Prior to the sale of the boiler, *Blanchard & Bargeon* had mortgaged the premises on which the shop stood to one *Pyle*. This mortgage was duly recorded, and before the bringing of this suit was foreclosed and the premises sold, *Baylies, Marchant & Baylies* becoming the purchasers, and receiving the sheriff's deed therefor. The latter named persons were in the possession of the premises, including the boiler, when this suit was brought.

The Court rendered judgment against *Bargeon* upon the note, and that the boiler be sold, &c. *Baylies, Marchant & Baylies* appeal.

It may be observed that, if the boiler was so attached to the machine shop as to become a part of the realty, the title passed to the appellants, they having purchased under a lien prior to that of the plaintiff. But supposing the boiler be regarded as personalty, and as not passing under the sale thus made, the question arises whether the plaintiff could acquire a lien upon it as personalty, separate and distinct from the building or ground upon which it stood, under the provisions of the statute on the subject of mechanic's liens. The following provisions are the only ones that seem to bear upon the question :

"Sec. 647. Mechanics, and all persons performing labor, or furnishing materials for the construction or repair of any building, or who may have furnished any engine or other machinery for any mill, distillery or other manufactory, may have a lien separately or jointly upon the building which they may have constructed or repaired, or upon any buildings, mill, distillery or other manufactory, for which they may have furnished materials of any description, and on the interest of the owner of the lot or land on which it stands, to the extent of the value of any labor done or materials furnished, or for both.

"Sec. 648. The provisions of this act shall only extend to

Baylies et al. *v.* Sinex.

work done or materials furnished on new buildings, or to a contract entered into with the owner of any building for repairs, or to the engine or other machinery furnished for any mill, distillery or other manufactory, unless furnished to the owner of the land on which the same may be situate, and not to any contract made with the tenant, except only to the extent of his interest."

Section 652 provides, amongst other things, that the Court may, by the judgment, direct a sale of the land and building for the satisfaction of the liens and costs. 2 G. & H. p. 298.

It is evident that the 647th section, above set out, does not give a lien upon the engine or other machinery furnished, as distinct from the building, but only upon the building, or the lot or land upon which it stands. The 648th section is somewhat obscurely worded, but it does not, as we think, extend the remedy given by the preceding section, but rather limits or qualifies it. It limits the remedy given by the preceding section, first, to cases where work has been done or materials furnished on new buildings; second, to cases where contracts have been entered into with the owners of buildings for repairs; third, to cases where engines or other machinery have been furnished, &c., to the owner of the land; excluding all contracts with tenants, except only to the extent of their interests. Its object was, undoubtedly, to prevent a tenant from encumbering property with liens, except to the extent of his interest in the property. *Lynam* v. *King*, 9 Ind. 3.

We are of opinion that the statute does not give a lien on specific articles furnished for a building, as distinct from the building, but only on the building or ground on which it stands. This view is strengthened by the fact that provision is made for rendering judgment for the sale of the land and building, but none for the sale of property distinct from the land or building.

*Per Curiam.*—The judgment below for the sale of the boiler is reversed, with costs.

*Bickle & Burchenal*, for the appellants.

*H. B. Payne* and *J. P. Siddall*, for the appellee.