## The Equitable Life Ins. Co. et al v. Slye et al.

1. **Mechanic's Lien: PRIORITY: MORTGAGE.** A mechanic's lien for materials furnished for the improvement or enlargement of a building does not take priority over an existing mortgage, and this rule prevails even though the building be changed so that very little of the original structure remains.

2. ——: **EMBRACES WHOLE STRUCTURE.** The party who furnishes material or machinery for a building by the filing of his lien acquires one upon the entire structure, and what he furnishes becomes in turn subject to all liens of his fellow mechanics which attached earlier.

*Appeal from Polk Circuit Court.*

WEDNESDAY, APRIL 18.

ACTION to foreclose a mortgage executed to the plaintiffs by J. A. Slye and others, who are made defendants. Others still are made defendants as holding liens upon the mortgaged

property. The question involved is as to whether the mortgage has priority over certain mechanic's liens held respectively by the defendants, McDonald & Meara, Brooks, Wilson & Stein, and Martin Tuttle. The facts are stated in the opinion. Decree for plaintiffs, establishing the mortgage as paramount to all other liens. The defendants, McDonald & Meara, Brooks, Wilson & Stein, and Tuttle, appeal.

*Barcroft, Given & Drabelle*, for McDonald & Meara.

*Phillips, Goode & Phillips*, for Brooks, Wilson & Stein.

*Wright, Gatch & Wright*, for Tuttle.

*J. S. Polk*, for appellees.

ADAMS, J.—The mortgage was executed upon certain lots in the city of Des Moines. Upon them was standing at the time a paper mill. Both the building and machinery were considerably out of repair, and soon after the execution of the mortgage the mortgagors removed nearly all the old building, and erected a new one in its place. A portion of the machinery was removed and new machinery supplied. The defendant, Tuttle, furnished labor and materials for the foundation of the building. The defendants, McDonald & Meara, furnished labor and materials in the construction of a boiler, steam gauge, etc. The defendants, Brooks, Wilson & Stein, manufactured at their shop, and sold and delivered to the mortgagors for the use of the mill, an engine and pump.

1. MECHANIC'S lien: priority: mortgage.

The defendants, Tuttle, and McDonald & Meara, filed statements claiming a mechanic's lien respectively upon the building and land. The defendants, Brooks, Wilson & Stein, filed a statement, claiming a mechanic's lien upon the engine and pump by them furnished, and upon the building and land.

That the defendant mechanics are entitled to liens upon the building and land (unless they have waived them) there can of course be no doubt. That the mortgage is paramount in respect to the land is equally certain. Whether the mortgage

is paramount with respect to the building also, or if not, with respect to the particular thing furnished, is the question in this case.

If the paper mill, including both building and machinery, had been wholly erected after the execution of the mortgage we should think that, for the labor and materials employed in its construction, the mechanics would have a lien upon the mill paramount to the mortgage; and we have to say that the evidence is such as to leave our minds in some doubt as to whether the mill should not be regarded as a new one. Very little, if any, of the old building remains externally. The flooring on the first floor was left, and a part of the old foundation. A frame part standing over the machinery was left for a time, but has since been removed. The value of the mill, however, consisted mainly in the machinery. As that remained to a considerable extent, and new walls were built around it, we think that the mill could not properly be said to have originated in those walls. If we are correct, then what was done was done by way of making additions, or reconstruction of some constituent parts, and substitution of some new machinery; and we have a case not essentially different from that of repairs or enlargement of a building upon which there is a mortgage.

Some of the appellants claim that, even in such a case, the mechanic's lien in respect to the building should be held to be paramount. And it is indeed provided in Sec. 2141 of the Code, and Sec. 1855 of the Revision, that "the lien for the things aforesaid (the materials), or work, shall attach to the buildings, erections, or improvements for which they were furnished or done, in preference to any prior lien or incumbrance, or mortgage, upon the land upon which the same is erected or put." If reference is there made to repairs or enlargement of a building, then the appellants are certainly correct. The section, by its terms, points back to other provisions. "The lien for the things aforesaid" is the lien provided in section 2130 of the Code and 1846 of the Revision. By reference to those sections, it will be seen that a lien is given for any work done or materials furnished "for any

building, erection," etc. The language is certainly broad enough to cover repairs or enlargement of a building.

It was held, however, substantially, in *Getchell & Tichenor v. Allen*, 34 Iowa, 559, that it was not the design of the statute to make a mechanic's lien for repairs or enlargement paramount to an existing mortgage. If the mechanic's lien for such things can become paramount, it will be seen at once that the value of a mortgage upon improved property would be greatly diminished.

A mechanic's lien can, it is true, become paramount to a mortgage executed upon a partially erected building, provided the work be done or materials furnished for the purpose of completing the building. This is the plain provision of the statute, and to our minds it is not unreasonable. Whoever takes a mortgage upon a building which is in process of erection, should assume that the mechanics' work is to go forward, and he may form some estimate of the amount that will be required. The same is not true in regard to repairs or enlargements. They cannot be definitely anticipated, nor are they subject to any calculable limitation.

It is not to be presumed that the legislature would enact a statute which would go far to impair, if not destroy, the value of mortgages upon improved property. But whatever doubt there might have been originally as to whether the statute is susceptible of the construction given it in *Getchell & Tichenor v. Allen*, important rights have attached to property under that construction, and we think that no sufficient reasons have been suggested for departing from it. The foregoing considerations dispose of the claims of priority made by Tuttle and McDonald & Meara.

As to the claim of Brooks, Wilson & Stein, evidence was introduced tending to show that the engine and pump furnished by them could be removed without detriment to the remaining property. They claim, therefore, a specific lien upon them, and the right to remove them. But they have been attached to the other property and have become a part of the mill. It may be said, also, that they are serving the specific purpose for which they were made. It is to be pre-

sumed that their value if removed would be less than the depreciation of the mill which would be caused by their removal. It is not certain then but that the claimants' lien upon the mill, which is undisputed, although subordinate to the mortgage, is worth more with the engine and pump in their place in the mill, than a paramount lien upon the engine and pump removed from the mill. Whether this be so or not, it is the policy of the law to prevent waste of property; and the mill must be kept together and sold together for the satisfaction of all the liens, unless there is some rule of law to the contrary.

If the mill had been wholly erected after the execution of the mortgage, so as to make the mechanics' liens clearly paramount with respect to the mill, the different mechanics would have had general liens upon the mill and not specific liens upon the particular things furnished by them respectively, and the mill with all its machinery, in such case, would, if it became necessary to enforce the liens, be sold together for the payment of all the liens paramount to the mortgage, and according to their respective priorities. If several mechanics, as a carpenter, plasterer, painter, and paper hanger, erect a house upon mortgaged land and thereby acquire liens paramount to the mortgage in respect to the house, it would be folly to remit each for his security to the particular work done or materials furnished by him. If the plasterer's work is done before that of the painter, his lien not only covers the whole house but becomes paramount to that of the painter even upon the paint. In no other way could any reasonable security be furnished generally, and furthermore, this is clearly the meaning of the statute. "Every mechanic     *     *     *     who shall perform any work or labor upon     *     *     *     any building, erection, or other improvement     *     *     *     shall have     *     *     *     a lien upon such building, erection, or improvement." Sec. 2130 of the Code, Sec. 1846 of the Revision. If he performs labor upon a building he shall have a lien upon the building. If he performs labor upon some other kind of improvement, as a railroad, he shall have a lien upon the

*2. ———: embraces whole structure.*

railroad. By the same section it is provided that if he fur-
nishes machinery for a building he shall have a lien upon the
building. If he furnishes machinery for some kind of an
improvement other than a building, he shall have a lien upon
the improvement whatever it may be.

The pump and engine were furnished for the mill, and
became a part of it. We must then hold that they became
subject to all the liens upon the mill, and according to their
respective priorities. We are of the opinion, therefore, that
the decree of the Circuit Court should be

AFFIRMED