McCarty *et al.* v. Burnet *et al.*

---

No. 9008.

McCARTY ET AL. *v.* BURNET ET AL.

MECHANIC'S LIEN.—*Pleading.*—*Notice.*—*Exhibit.*—In a suit to foreclose a mechanic's lien for materials furnished to the contractor, the notice, or a copy thereof, is a necessary part of the complaint, to withstand a de-

murrer; but this can be done by filing a copy with any apt words referring thereto.

SAME.—*Landlord and Tenant.*—When a lessee of land owning a building thereon, which he has a right to remove, contracts for repairs of the building, a mechanic's lien may be enforced against the building and the term for such repairs.

SAME.— *Variance.*—*Evidence.*—Under a complaint to enforce a mechanic's lien, alleging that the defendant is the owner of the land on which the building was erected, proof that the defendant is the owner of the building, with a right to remove it, and tenant for years of the land, is not a fatal variance, and will justify a decree for the sale of the building and term. ELLIOTT, J., dissents.

From the Knox Circuit Court.

*H. Burns* and *J. S. Pritchett*, for appellants.

*H. S. Cauthorn* and *J. M. Boyle*, for appellees.

ELLIOTT, J.—It is necessary, in an action for the enforcement of a mechanic's lien, to file the original notice or a copy with the complaint. *Busenbark* v. *Etchison Ditching Ass'n*, 62 Ind. 314. This is the rule where the entire cause of action depends upon the validity of the lien. It must, therefore, be done in cases where the claim is by a material-man or sub-contractor who has furnished materials to, or has done work for, the original or principal contractor. It is always necessary where the sole relief sought is the foreclosure of the lien, for without the notice there is no lien to enforce.

Where a complaint shows a cause of action entitling the plaintiff to a personal judgment, it will not be bad upon demurrer, although no copy of the notice is filed. This is so because the complaint states facts entitling the plaintiff to some relief, and in all such cases it will repel a demurrer. *Bayless* v. *Glenn*, 72 Ind. 5; *Teal* v. *Spangler*, 72 Ind. 380.

Of course there could in such a case be no enforcement of the lien, but there might be a personal judgment. *Lawton* v. *Case*, 73 Ind. 60.

In the case in hand, materials, for the value of which the action was brought, were sold and delivered to the contractor, and there is no personal liability of the owner. It was nec-

essary for the complaint, as against the owner of the property, to make a copy of the notice or the original itself a part of the pleading in some way, either as an exhibit or by incorporation. It is true, as appellants' insist, that merely filing an instrument is not making it an exhibit within the meaning of the law; there must be some identification of it by appropriate reference. *Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73; *Stafford* v. *Davidson*, 47 Ind. 319. We do not understand that any particular form of reference is essential; it is sufficient if the complaint identifies the instrument with reasonable certainty. *Reed* v. *Broadbelt*, 68 Ind. 91; *Friddle* v. *Crane*, 68 Ind. 583. The plaintiff is not confined to the formula, " herewith filed and made an exhibit of this complaint." Words of like import will be sufficient. *Mercer* v. *Hebert*, 41 Ind. 459.

The complaint in the present case describes with common certainty a notice of lien and adds to the description these words: " Which notice was duly recorded in the recorder's office on said day in Mechanics' Lien Record No. 1, pp. 123 and 124, and is filed herewith." We have no hesitation in holding that the complaint sufficiently identifies the notice and properly constitutes it an exhibit.

A special finding of facts was made, and from it we extract the substance of such as are necessary to a proper disposition of the questions of law requiring consideration from us. James F. Orr had been the owner of the ground, on which the house for which the materials were furnished was erected, for more than ten years. In 1870, Orr leased the ground to one Nugent, who built on it a small frame house, and this, by agreement, was the sole property of the lessee and builder. In 1873, Nugent's tenancy ceased, and the house was by him sold to one John Taylor who became the tenant of Orr. The appellants John and James McCarty bought the house of Taylor and received possession thereof and leased the ground, exclusive of the house, from Orr, and have occupied the house and ground since they purchased the house and leased the

ground.   It is stated in the finding, at a place further on than the statement of the facts above detailed, that, "In 1876, said James McCarty sold the house to John McCarty, who sold the same to the defendant Mitchell McCarty, who has owned the house ever since, but has had no interest in the lot, and Orr has not and never had any title to or interest in the house."   Following this is a finding that Mitchell McCarty contracted with Thomas Kane to repair the house; that the appellees furnished materials; that notice was filed and recorded.

The court stated these conclusions of law: "1st. That the plaintiffs are entitled to a personal judgment against said Kane for the sum of $92 and interest.   2d. That the plaintiffs are entitled to a decree for the foreclosure of the mechanic's lien as to the said house, and for the sale thereof to satisfy said judgment and costs.   3d. That the plaintiffs have no lien upon said lot exclusive of said house, or upon any interest therein subject to foreclosure in this action."

The appellants McCarty and McCarty moved for judgment in their favor upon the special finding; this motion was overruled, and an exception entered to this ruling.

The contention of appellants is, that the appellees were not entitled to a lien upon the house independently of the ground upon which it stood.   It is true that a house may in some cases be regarded as personal property.   *Griffin* v. *Ransdell,* 71 Ind. 440.   It is equally true that a leasehold estate is a chattel. *Schee* v. *Wiseman,* 79 Ind. 389.   The statute expressly provides that the interest of a tenant shall be subjected to sale for the payment of the lien, and, therefore, necessarily authorizes the enforcement of liens against chattel interests, for that of the tenant is nothing more than a chattel interest.   It is not the less a chattel interest because it belongs to the class which Blackstone characterizes as "That kind of property being of a mongrel, amphibious nature, originally endowed with only one of the characteristics of each species of things, the immobility of things real, and the precarious duration of things personal."   We think it clear that the statute gives a right to

a lien to the extent of the tenant's interest, and whether this interest be in a house or strictly in the leasehold estate, is not material; whatever that interest is, the lienor has a right to have his lien enforced against it.    2 R. S. 1876, p. 266, sections 647, 648.    The fact that the house is personal property supplies no reason for denying a lien, for, as we have seen, the statute expressly extends the lienor's rights to chattels real.

A lien may be acquired and enforced against a tenant's interest in all cases where it can be done without an invasion of the rights of the reversioner.    The lien can not, of course, extend beyond the estate of the tenant, nor can it be used to the injury of the owner of the reversion.    Where the tenant's interest can be definitely ascertained, it may be reached and covered by the lien.    Where a house is erected as a fixture, and by express covenant made personal property, with a right of removal, the tenant unquestionably has an interest in it against which a lien may be enforced.    His right as tenant entitles him to remove the house before the expiration of his tenancy, and to the ownership of the house and the right of removal a purchaser at the sale upon the foreclosure of the lien may well be deemed to succeed.    Phillips Mechanics' Liens, sections 191, 193.

It is maintained with vigor, that there can be no severance of the house from the ground upon which it stands.    It is quite clear that a tenant may remove a house which is erected under an agreement impressing upon it the character of a fixture and conferring the right of removal.    *Griffin* v. *Ransdell, supra*;    Taylor L. & Ten., section 546, auth. n.; *Central Branch R. R. Co.* v. *Fritz,* 20 Kan. 430; S. C., 27 Am. R. 175.    There are many well considered cases holding that the purchaser at the foreclosure sale acquires the same right of removal as that possessed by the tenant, and this, of course, implies the right to sever.    *Ombony* v. *Jones,* 19 N. Y. 234; *Jessup* v. *Stone,* 13 Wis. 466; *Dean* v. *Pyncheon,* 3 Chand. (Wis.) 9.    It was said in *Jodd* v. *Duncan,* 9 Mo. App. 417, that "It seems to have been the intention of the Legisla-

ture, as is said by Judge Napton in *Smith* v. *Phelps*, 63 Mo. 588, to protect the title of the mechanic to reimbursement for his expenditure in money or labor on the house he builds, by giving him a right to the house if all other means fail." And we think our statute evinces quite as plain an intention on the part of our Legislature to secure to the mechanic all the interest held by the tenant. We are satisfied that the tenant's estate, whatever it may be, is subject to the lien. If burdened with restrictions, conditions or limitations, the lienor acquires it burdened with all these infirmities. *Oswold* v. *Buckholz,* 13 Iowa, 506.

The cases of *Baylies* v. *Sinex,* 21 Ind. 45, and *Wilkerson* v. *Rust,* 57 Ind. 172, are relied upon by the appellants as sustaining their position. We do not so regard them. The point decided in the case first cited is shown in the following extract from the opinion: "We are of opinion that the statute does not give a lien on specific articles furnished for a building, as distinct from the building, but only on the building or ground on which it stands. This view is strengthened by the fact that provision is made for rendering judgment for the sale of the land and building, but none for the sale of property distinct from the land or building." The plain inference from the language quoted is that the building may be sold apart from the land in the proper case, for the author of the opinion is careful to use the conjunction "or" in such a manner as to indicate that either the land or the building may be sold, but not the specific articles which go into the building. We find in the second case cited an opinion prepared by WORDEN, J., wherein it is said: "It is thus seen that a lien for repairs can not be acquired, as against the owner of the property, except upon a contract made with him; and not upon any contract made with the tenant, except only to the extent of his interest." We can not perceive that this lends any assistance to the appellants; on the contrary, the plain implication is that the tenant may create a lien against his own interest. The question here is not what liability can the

tenant create against his landlord, but what liability can he fasten upon his own estate?

It is plausibly argued that in no event can the act of the tenant create a lien, except in cases where the work is done or the materials furnished for a new building. If the appellees were seeking to reach the property of the landlord or to impair his rights, this would be a valid argument. It would, indeed, be true that the tenant could not impair his landlord's rights, whether the building was old or new. The provision of the statute denying a lien for repairs applies to repairs upon houses or buildings owned by the landlord. It is evident that, to permit a lien to be acquired for repairs upon the landlord's house, made under a contract with the tenant, would be an unjustifiable invasion of the landlord's rights, and likely result in taking his property from him. Against such a result the statutory provisions are directed. It must be held that a lien can not be acquired for repairs upon buildings owned by the landlord, made under a contract with the tenant. At all events, no lien can be acquired beyond the tenant's interest.

Where the building is owned by the tenant, and he possesses the right to remove it from the land, he may create a lien against it. It is immaterial whether the building is old or new, it belongs to the tenant and the landlord has no interest in it, unless, indeed, the right to remove is not exercised within the time prescribed by law. It is obvious that the statutory provisions concerning repairs under contracts with tenants do not apply to cases where the tenant is the owner of the building repaired. Section 647 of the statute provides that mechanics and all persons performing labor or furnishing materials for the construction or repair of any building, may have a lien separately or jointly upon the building which they may have constructed or repaired, and on the interest of the owner in the lot or land on which it stands; and section 648 declares that the provisions of the act shall only extend to work on or materials furnished for a new

building, " or to a contract entered into with the owner of any building for repairs," and " not to any contract made with the tenant, except only to the extent of his interest." A literal interpretation of the clause, " or to a contract entered into with the owner of any building," would give a right to the lien. We perceive no reason why the statute should not be so interpreted. This interpretation carries into effect the purpose of the statute, gives to the mechanic fair security for his labor, and places the burden upon the shoulders of the man who ought to bear it, and works the owner of the ground no injury. But the clause subjecting the tenant's interest to the lien is sufficient to cover such a case as the present, for the effect of this provision is to make all, not merely some part, of the tenant's estate, subject to a lien. The evident purpose of the statute is to protect the landlord, but not to prevent the mechanic from securing a lien on a house erected and owned by the tenant, and in which the landlord has no interest.

The complaint, after alleging that the materials were delivered to John Kane for use in the construction of a building on land of which a description is given, alleges : " That John Kane was the contractor with the owners of said land for the construction and repair of the building ; that the defendants Mitchell and James McCarty were at the time of the delivery of the materials, the owners of the land and building and in the possession of the same ; that they had before that time purchased the same from James T. Orr, and have fully paid therefor, but no deed has ever been made by the said Orr." The appellants stoutly maintain that there is a failure of proof, because the appellees, instead of proving that the appellants were owners or purchasers, proved that they were tenants.

The majority of the court are of the opinion that the variance between the allegations of the complaint and the evidence is not of such a material character as to entitle the appellants to a reversal. The allegation is regarded as broad enough to apprise them that the appellee sought to reach their

interest in the property and subject it to sale in discharge of the lien for materials furnished for the erection of the house. It is also concluded that the nature of the appellants' title was a matter peculiarly within their own knowledge, and that although the plaintiffs below may not have accurately described it, yet no harm resulted, because they knew the nature of their own title. The writer is unable to concur in this view for the reasons: 1. That an allegation that the title is that of owner is not supported by evidence of a right as tenant, and the complaint is, therefore, wholly unproved. 2. That where a liability is charged with respect to property the title must be stated, and proved as laid. Stephen Pl. 304. 3. That matters of description must be strictly proved, and that where the nature of a title is specifically set forth it must be proved as described. 4. That while a plaintiff is not bound to set forth with particularity matters peculiarly within the knowledge of the defendants, yet, if he does undertake to do it, he must prove the matter substantially as stated.

Judgment affirmed.

Petition for a rehearing overruled.