JAMES CARROLL, Appellant, v. SHOOTING THE CHUTES COMPANY, Respondent.

### St. Louis Court of Appeals, November 5, 1900.

1. **Mechanic's Lien: TRADE FIXTURE: REALTY.** A trade fixture is not subject to a mechanic's lien, for the reason that trade fixtures are not part of the realty.

2. **Artificer's Lien: PERSONALTY.** Trade fixtures are personalty and the security of the mechanic who constructs them is in the enforcement of his artificer's lien.

3. **Practice, Appellate: JUDGMENT: ERROR.** The rule of appellate practice is, that if the trial of a cause is without error, the judgment must be affirmed, if it is possible to do so on any possible theory of law applicable to the facts.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

AFFIRMED.

*Joseph P. Vastine* and *Jno. B. Dempsey* for appellant.

(1) A lien will not lie against the land alone for work done thereon, but is a remedy given against the land and improvements when the work done is in connection with the erection of a building or improvements placed upon the land, and the lien then attaches both to the interest of the tenant

Carroll v. Shooting The Chutes.

in the land, and to the improvements. And this is upon the theory that the work done has been a benefit to the tenant's interest in the realty, or has enhanced its value. Holzhour v. Meer, 59 Mo. 434. (2) Fixtures.—In determining whether an item for which a lien is sought is a fixture, the law of fixtures as between vendor and vendee, and not as between landlord and tenant, must be applied. If the thing in question would pass to vendee with the land, then it is lienable. And again, if the above rule does not settle the question, recourse must be had to discover the intention with which the article was furnished and received. If so furnished and received with intention of forming an integral part of the improvements, and to fit them for the purposes for which they are intended to be used, then a lien will lie. Sosman v. Conlon, 57 Mo. App. 25; Buchanan v. Cole, 57 Mo. App. 11; Cook v. McNeil, 49 Mo. App. 81; Progress P. B. Co. v. Brick and Q. Co., 151 Mo. 501.

No brief furnished for respondent.

BIGGS, J.—In this case no instructions were asked and none were given, and no objection was made to the admission or rejection of evidence. The only exception found in the record is that under the law and evidence the plaintiff was entitled to a mechanic's lien for work done on the improvements mentioned in the petition, and that therefore the circuit court committed error in refusing to enforce it. Briefly stated the facts are these: The Shooting of the Chutes Company, a corporation, is the lessee of certain ground in the city of St. Louis. It erected on the land a structure known as "shooting the chutes," which is described in the petition and evidence as a wooden and iron transit way which extends to a lake. It is built upon an inclined plane and is used for "tobogganing" boats from the landing or chute to the lake.

Carroll v. Shooting The Chutes.

In connection with this trainway is an engine house, office building, dancing pavalion, etc. In making the improvements the company contracted with plaintiff to do the necessary earth work, that is, the removal of the soil necessary to fit the ground for the improvement and the excavations for the foundations of the various structures, which work the plaintiff performed. On account of the work the company owed the plaintiff a balance, to secure which the latter filed a mechanic's lien. The present action is to recover a judgment for the amount due and to enforce the lien. The circuit court rendered a judgment for the amount claimed, but declined to enforce the alleged lien. From the judgment as to the lien the plaintiff has appealed.

The defendant company occupied the premises under a lease for the term of ten years. The lease was not read in evidence, and there is no testimony in the record as to its terms. The averments in the petition and the evidence as to the improvements are not explicit, which prevents us from determining the precise character of the several structures, or what the agreement of the lessor and lesee was as to them. There is, however, sufficient evidence in the record to warrant the conclusion that the structure is a trade fixture, and if so it was not subject to a mechanic's lien, for the reason that trade fixtures never become a part of the realty. They remain personalty and the security of the mechanic who constructs them is in the enforcement of his artificer's lien. Boiler Works v. Haydock, 59 Mo. App. 653. As this review is warranted under the record we must affirm the judgment. The rule of appellate practice is, that if the trial of a cause is without error, the judgment must be affirmed, if it is possible to do so on any possible theory of law applicable to the facts. Jungeman v. Brewing Company, 38 Mo. App. 458; Gentry v. Templeton, 47 Mo. App. 55.

The judgment will be affirmed. All concur.