**James McAlear, Trustee, Appellee, v. New York Life Insurance & Trust Company et al., Appellants.**

**Gen. No. 18,021.**

1. MECHANIC'S LIEN—*apparatus used to ventilate kitchen.* A ventilating apparatus installed under contract with a tenant, consisting of a metallic exhaust fan and connected metal canopy over a kitchen range, with a motor to drive the fan and a metallic pipe connection from the fan to a tile flue, though attached to the building, is a trade fixture and not the proper subject of a mechanic's lien against the building.

2. MECHANIC'S LIEN—*fixtures must be so installed as to become part of real estate.* In order that fixtures, apparatus or machinery may be the subject of a mechanic's lien against the building, it must appear that they are so installed as to become a part of the real estate.

3. MECHANIC'S LIEN—*intention with which fixtures are installed.* The intention with which a ventilating apparatus is installed becomes important in determining whether it is a trade fixture or an improvement to the building and the subject of a mechanic's lien.

4. AGENCY—*authority of renting agent to order improvements.* The improvement of a building is not within the scope of authority of one who acts as agent of the building for the renting and collection of rents.

Appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate

Court at the October term, 1911. Reversed and remanded with directions.   Opinion filed February 11, 1913.

TAYLOR & McWILLIAMS and J. S. DUDLEY, for appellants.

CULVER, ANDREWS & KING, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Appellee, James McAlear, trustee, obtained a decree in the Superior Court for a mechanic's lien against a property of appellants known as the Royal Insurance Building in Chicago for $338.30 for ventilating apparatus alleged to have been installed by Andrews & Johnson Co. in a part of the basement of that building leased by appellants to Tom Jones and used as a kitchen for his restaurant.   The work was ordered by Jones.   Shortly after it was installed he went into bankruptcy, and the apparatus was sold by his receiver in bankruptcy at auction and taken out.

The bill was filed July 30, 1909.   It alleges that the real estate with the building known as the Royal Insurance Building is owned by appellant, the New York Life Insurance & Trust Co., as trustee for appellant Royal Insurance Company of Liverpool; that on December 22, 1908, Andrews & Johnson Co., an Illinois corporation, contracted orally with Jones, a tenant of the building, to install a ventilating system in the space occupied by him; that George H. Taylor is the agent of the Royal Insurance Building, and the agent of appellants with respect to the building; that appellants, by their agent, authorized and knowingly permitted the Andrews & Johnson Company, under its contract with Jones, to contract for the improvement; that the machinery and equipment of the ventilating system were affixed to the building in a way to make them a part of the building and a permanent improvement thereto.

That on February 13, 1909, Andrews & Johnson Co.

assigned its claim for lien to the Mercantile Credit Co., an Illinois corporation; that on April 22, 1909, the Mercantile Credit Co., as assignee of this lien, filed a claim for lien with the Circuit Court clerk; that on July 30, 1909, the Mercantile Credit Co. assigned the claim for lien back to Andrews & Johnson Co., and afterwards and on the same day the Andrews & Johnson Co. assigned the claim for lien to appellee; that appellee was then and still is the trustee of the property of the Andrews & Johnson Co. under a voluntary deed of trust conveying all its property to appellee for the purpose of liquidation, and by reason thereof appellee is entitled to maintain the lien.

The answer of appellants denies any knowledge of the contract between Andrews & Johnson Co. and Jones, and denies authorizing or permitting that company in any way to contract for the improvement of or to improve the Royal Insurance Building in any way; denies that material and labor were furnished or installed as alleged, or that the same formed any part of a complete or partial system of ventilation for said building, or was in any way affixed to any part of said building so as to make said labor and material or any part thereof a part of said building, or any new or permanent improvement thereof.

The evidence shows that the alleged improvement was a ventilating apparatus in the kitchen in the basement of the Royal Insurance Building in a part of the building occupied for a restaurant by Tom Jones as a tenant. The work was ordered by the tenant. He became a bankrupt. The apparatus was sold at auction by the receiver in bankruptcy and removed. It is claimed the interest of the landlord is liable to a mechanic's lien for the work on the ground that the landlord, through its agent, Taylor, authorized and knowingly permitted the tenant to contract with the lienor for the improvement. On behalf of the owner, appellant, it is insisted that the character of the work is such that it is not the subject of a lien as against the

342 Appellate Courts of Illinois.

McAlear v. New York Life Ins. & Trust Co., 177 Ill. App. 339.

interest of the owner. The apparatus consisted of a metallic exhaust fan and connected metal canopy over the kitchen range, located under the street sidewalk, with a motor to drive the fan, and a metallic pipe connection from the fan to a tile flue. This tile flue was not a part of the work. It extended north to an air shaft in the middle of the building, and at the north end of the flue a new metal duct was put in as it was thought that the old duct was not large enough. The motor and fan were placed on a pier, or rather a recess in the street side of the foundation and fastened by lag screws or bolts in wooden plugs sunk in holes drilled in the masonry. The canopy and connecting pipe were suspended by hangers fastened from wooden wedges placed in cracks of the flagstones of the sidewalk overhead.

The items for which a lien is claimed are:

1—13 "Type L" Blower,
1— 3 H. P. Motor,
656 lbs. Galvanized iron, bolts, rivets, nails, etc.
Labor, Cartage and Carfare.

That the apparatus, or part of it, was in some way attached to the building and the sidewalk under the street, cannot be questioned under the evidence, but as between the landlord and the tenant we are of the opinion that the material and work constituted a mere trade fixture and was not the proper subject of a lien as against the building. The distinction between ordinary materials and trade fixtures with respect to being proper subject of lien under our statute is stated in Haas Elec. Co. v. Amusement Co., 236 Ill. 452. In that case it is substantially held that our statute has modified the law with reference to ordinary material furnished, but in the case of fixtures, apparatus or machinery it must appear that they are so installed as to become a part of the real estate.

In Baker v. McClurg, 198 Ill. 28, it was held that in a building erected and used for a bakery, the brick ovens and the boiler enclosed in brick masonry, and the engines, etc., were removable by the tenant.

McAlear v. New York Life Ins. & Trust Co., 177 Ill. App. 339.

On the above authorities we are of the opinion that the articles furnished in this case were removable trade fixtures and were not permanent fixtures or improvements to the building. In our opinion the intention with which they were installed is important in determining whether they become part of the realty. The canopy, fan and motor were installed by the tenant for the purpose of carrying off cooking odors from a small part of this building. They were installed under the sidewalk in a space used for a kitchen by the tenant. They formed no part of the ventilating system of the building. They were installed for the particular business then conducted by Tom Jones in a space rented by him and were not intended as a permanent part of the real estate, if it be assumed that the space under the sidewalk was a part of the premises leased. Their removal from the premises could be made without any damage to the realty. In our opinion the landlord was powerless to prevent their removal by the tenant or his receiver in bankruptcy. If the city ordered it out, it would have to be removed.

This is not a case where by the terms of the lease the tenant was expressly authorized to make the improvement. The evidence does not show that the landlord authorized any improvement. It tends to show simply that Taylor, the agent of the building for the renting thereof and the collection of rents under a written authority, had no authority to order such an improvement as the material and property involved herein constituted. He did have authority probably to prevent any damage done to the building by the construction of the canopy and installation of the fan and motor, and his acts in connection therewith may be explained and should be explained upon the theory that he was guarding the interests of appellants in seeing that the installation of the trade fixtures in question was not made in such a way as to damage the building. The improvement of the premises, or building, is not

within the scope of the authority given to Taylor as shown by the evidence.

In our opinion the decree is erroneous and it is reversed and the cause remanded with directions to dismiss the bill.

*Reversed and remanded with directions.*