## CITY OF PORTLAND v. INDIANAPOLIS MORTAR AND FUEL COMPANY.

[No. 8,451. Filed November 17, 1914.]

1. MECHANICS' LIENS.—Discharge.—Purchase of Property by Municipal Corporation.—A valid mechanic's lien is not discharged by the subsequent purchase of the property by a municipal corporation, and its enforcement can not be defeated on the ground that such lien may not be acquired upon the property of a municipal corporation. p. 170.

2. MECHANICS' LIENS.—Enforcement.—Complaint.—Construction.— A complaint to enforce a mechanic's lien, alleging that one of the defendants, a city, owned a waterworks and electric plant housed in a brick building owned by it and situated on real estate owned by it, that it entered into a contract with a codefendant by which the latter agreed to install in such building a power plant, consisting of engines, boilers, feed pumps, etc., to be erected on foundations to be furnished by defendant city, and to lease such power plant to the city for a term of two years with an option to purchase, that plaintiff furnished material used in installing such power plant, that at the time such material was furnished and used the city was the owner of the real estate "and buildings", and its codefendant was the owner of the machinery, boilers, engines, equipment, "and building", and that they were to remain the property of such codefendant until purchased by the city, and that the city thereafter purchased same with full knowledge of plaintiff's lien, can not be fairly construed as alleging that the city's codefendant had acquired an interest in the building,. or in the real estate on which it was located, against which a mechanic's lien could be acquired. p. 170.

3. MECHANICS' LIENS.—Property Subject.—Property of Municipal Corporation.—An agreement by a manufacturing company to in-

stall a power plant, consisting of boilers, engines, etc., in a building owned by a city and situated on real estate owned by it, and to lease such plant to the city for a period of two years with option to purchase, and with the right in such company to remove the property at the end of two years, if it was not purchased, the title to remain in the company unless purchased, was in effect merely a conditional sale of the property to the city, and created in the company no interest in the building or plant against which a mechanic's lien could be acquired by one furnishing material to such company. pp. 171, 173.

4. MECHANICS' LIENS.—*Nature of Lien.—Statutory Origin.*—The right to a lien for materials furnished is purely of statutory origin, and the lien must be acquired and enforced, if at all, in pursuance of the provisions of the statute. p. 171.

5. MECHANICS' LIENS.—*Property Subject.—Separate Parts of Building or Articles Therein.*—Under the provisions of §8295 Burns 1908, Acts 1899 p. 569, providing for liens in favor of materialmen, etc., the lien given is upon the building or other structure erected, repaired, or altered, for which the material was furnished, and upon the interest of the owner of the real estate on which the building or other structure stands or with which it is connected, and can not be acquired upon separate though component parts of the building or structure, or upon specific articles furnished for a building as distinct from the building itself. p. 172, 174.

From Jay Circuit Court; *Charles E. Sturgis,* Judge.

Action by the Indianapolis Mortar and Fuel Company against the Ames Iron Works and others. From a judgment for plaintiff, the defendant City of Portland appeals. *Reversed.*

*J. F. Denney,* for appellant.
*S. A. D. Whipple & Son,* for appellee.

FELT, C. J.—Appellee brought this suit against the Ames Iron Works, the Indiana Engineering Company and appellant to recover for material furnished in the erection and repair of a municipal power plant in the city of Portland, Indiana, and to foreclose a mechanic's lien therefor.

The errors assigned and relied on for reversal are the overruling of appellant's separate demurrer to the complaint, and the sustaining of appellee's demurrer to the

second paragraph of appellant's answer. The complaint is not questioned for failure to aver any of the facts essential to the foreclosure of an ordinary mechanic's lien In addition to the usual averments in such cases it is charged that appellant is a municipal corporation and owns a waterworks and electric light plant housed in a brick building owned by said city and situated on real estate owned by it; that in 1909 appellant entered into a written contract with the Ames Iron Works whereby it agreed to install in said building a power plant for the generation of electricity, consisting of two engines, three boilers, two feed pumps and one water heater with all connections and fittings attached thereto, which engines, boilers, etc., were to be erected on foundations furnished by said city; that said contract was sublet by the Ames Iron Works to the Indiana Engineering Company, which company on November 30, 1909, entered into an oral contract with appellee, the Indianapolis Mortar and Fuel Company, whereby it furnished cement, lime, fire clay and fire brick of the value of $186.80, which material, with full knowledge of said Ames Iron Works, was used in bricking in said boilers and in erecting said power plant; that, at the time the material was so furnished and used, the city was the owner of the real estate and buildings aforesaid and the Ames Iron Works was the owner of the repairs, machinery, boilers, engines and equipment aforesaid, and the same was to remain its property until purchased by appellant, the city of Portland; that after the material was so furnished as aforesaid and the lien acquired, the city purchased all of the property and machinery of the Ames Iron Works with full knowledge of the debt and the lien aforesaid; that by the terms of the same contract by which the Ames Iron Works agreed to furnish and install the boilers, engines, etc., it agreed to lease the power plant to the city for a period of two years from December 15, 1909, at an annual rental of $6,000, conditioned that upon the payment of $12,500 at the expiration of, or at any time during

the term of said lease, less all rentals paid under the contract, the property so installed by the Ames Iron Works should become the property of said city, with the further condition that if the same was not so purchased, the Ames Iron Works might enter upon the premises at the end of the two years and remove its said property. Prayer for judgment against the Ames Iron Works, Indiana Engineering Company and appellant for $250 and for foreclosure of "plaintiff's lien, and for all other proper relief".

Appellant asserts that the complaint is insufficient in this, that it does not show that the Ames Iron Works had or took any leasehold or other interest in the real estate in question; that to acquire a mechanic's lien for material furnished in installing engines, boilers, etc., the same must be fixtures attached to the real estate or some interest therein and enhance the value of the realty; that the title to the machinery furnished by the Ames Iron Works, and with which the material furnished by appellee was incorporated, is alleged to have been retained by the Ames Iron Works and hence could not have enhanced the value of the real estate; that the complaint seeks to foreclose a mechanic's lien upon the specific articles furnished by the Ames Iron Works, viz., the engines, boilers, etc., and our statute does not give a mechanic's lien upon such specific articles so furnished, nor upon fractional and distinct parts of the building or structure, but must attach to the whole building or structure, or to the real estate including the building or structure thereon.

On the other hand, appellee insists that by the terms of the contract with the Ames Iron Works the latter obtained such an interest in the real estate of the city and the power plant and machinery situate thereon that the same was subject to a mechanic's lien for the material furnished by it; that appellant having no interest in the property of the Ames Iron Works at the time the lien in question attached, can not now avoid the lien on the ground that it is a munici-

170    APPELLATE COURT OF INDIANA,

City of Portland *v.* Indianapolis, etc., Fuel Co.—57 Ind. App. 166.

pal corporation and that its property is not subject to a statutory lien; that the property to which the lien attached was the property of the Ames Iron Works, and appellant purchased the interest of said company with full knowledge of the existence of said claim and lien; that appellant can not deny the right to enforce said lien because damages would result in removing the property, for the reason that such removal was provided for by the contract with the Ames Iron Works from whom it purchased the same. It can not be denied that if appellant purchased property upon which there was a valid lien, such lien was not discharged by the purchase and its enforcement can not be defeated because such lien could not be acquired upon property at the time owned by a municipal corporation.

1.

The argument in support of the complaint based on the assumption that the Ames Iron Works had or acquired an interest in the building of appellant is not sound. The complaint can not be fairly construed as charging that the Ames Iron Works had any interest in the real estate or buildings, except the engines, boilers, etc., installed in the city's building under its contract with said company. It is expressly averred that at the time of furnishing said material, appellant, the city of Portland, "was the owner of said lands, and buildings, situate thereon"; while in the same paragraph it is alleged that said "repairs, machinery, boilers, engines, equipment and building was, at the time this material was furnished the property of the defendant, Ames Iron Works and was to be and remain the property of said Ames Iron Company until purchased by the defendant, the city of Portland". The averment that the title was to be retained until the property or plant was purchased by the city is consistent when applied to the engines, boilers, etc., installed in pursuance of said contract with the city, but wholly inconsistent when applied to the building, which all the averments, except the one sentence above quoted, show was owned by the city of Portland prior

2.

to, at the time of, and subsequent to the making of the improvements out of which this controversy arises. The provisions of the contract are set out in the complaint, and when all its averments are considered it shows that it counts upon the particular interest of said Ames Iron Works which consists of two engines, two boilers, two feed pumps and one water heater, together with all connections and fittings attached thereto, furnished under said contract. The contract does not show that the Ames Iron Works had any interest in the real estate, or the building in which the machinery was to be installed, but does clearly set forth that the engines, boilers and other equipment specified therein were to be installed in a building owned by the city and were to be set upon foundations furnished by the city, all in accordance with detailed specifications provided therefor.

The provisions for a lease related only to the property so installed and did not assume to create in the Ames Iron Works any leasehold or other interest in the building or plant, except the reservation of title to the property to be installed by it with the right of removal at the end of two years, if the city failed to purchase the same according to the terms of the contract. While the term lease is used the contract is in effect a conditional sale to the city of the property, payment for which was secured by a reservation of the title in the seller until the same was paid for in full.

As we construe the complaint, the demurrer to it for insufficiency of the facts alleged to state a cause of action, presents for our determination, the question, whether a mechanic's lien for materials furnished, can be acquired upon specific articles of machinery and equipment furnished and installed in a building or plant as component parts thereof. At common law materialmen had no right to a lien for material furnished. In this State the right is given by statute, and the lien must be acquired and enforced, if at all, in pursuance of the provisions of the

172    APPELLATE COURT OF INDIANA,

City of Portland *v*. Indianapolis, etc., Fuel Co.—57 Ind. App. 166.

statute. *Foster Lumber Co.* v. *Sigma Chi Chapter House* (1912), 49 Ind. App. 528, 533, 97 N. E. 801; *Caulfield* v. *Polk* (1897), 17 Ind. App. 429, 433, 46 N. E. 932. Section 8295 Burns 1908, Acts 1899 p. 569, provides in part as follows: "That contractors, sub-contractors, * * * and all persons * * * furnishing material or machinery for the erection, altering, repairing or removing any house, mill, manufactory, or other building * * * system of water works or other structure * * * may have a lien * * * upon the house, mill, manufactory, or other building, bridge, reservoir, system of water works, or other structure * * * which they may have erected, altered, repaired or removed, or for which they may have furnished material or machinery of any description, and on the interest of the owner of the lot or parcel of land on which it stands or with which it is connected to the extent of the value of * * * material furnished * * *." The lien given by statute is upon the building or other structure erected, repaired, or altered, for which the material was furnished, and upon the interest of the owner of the real estate on which the building or other structure stands or with which it is connected, to the extent of the value of the material furnished. The lien can not be acquired upon separate though component parts of the building or structure, or upon specific articles furnished for a building as distinct from the building itself, but when acquired is upon either the whole building or other structure in which they are placed and of which they become a part, or the real estate including the improvements thereon. *Baylies* v. *Sinex* (1863), 21 Ind. 45, 47; *McCarty* v. *Burnet* (1882), 84 Ind. 23, 28; Phillips, Mechanics' Liens (3d ed.) §176; *Equitable Life Ins. Co.* v. *Slye* (1877), 45 Iowa 615; *Wagar* v. *Briscoe* (1878), 38 Mich. 587, 595; 2 Jones, Liens §1275; *Horn* v. *Clark Hardware Co.* (1913), 54 Colo. 522, 528, 131 Pac. 405, 45 L. R. A. (N. S.) 100.

The complaint sets out the provisions of the contract be-

tween the city of Portland and the Ames Iron Works, and appellee relies thereon to show the interest of said company in the property which it asserts enabled it to acquire a mechanic's lien upon the property of appellant. We are not therefore required to consider the phase of the question that might arise in some instances as to the rights of a third party who did not have knowledge of the reservation of title in the vendor of the property installed in the building or other structure upon which such third party asserted a lien for the material so furnished and used in installing such property in the building or other structure. The Ames Iron Works had no leasehold or other interest in the real estate, nor any such interest in the building or improvements separate from the land as is contemplated by the statute to enable a person in appellee's position to acquire a lien "upon the interest of the owner of the real estate" described in the complaint. The engines, boilers, etc., furnished under the contract with the Ames Iron Works were by the terms of the contract the property of said company and were not in fact a part of the real estate at the time appellee furnished said materials or filed its notice of intention to hold a mechanic's lien thereon. On the other hand if said engines, boilers, etc., be considered as fixtures attached to the real estate so as to become a part thereof, we are confronted by the proposition that the averments of the complaint show that at the time the material was furnished and the notice filed the real estate, including the building, was owned by the city of Portland, a municipal corporation, against whose property such lien could not be acquired. To sustain its contention appellee asserts that the property installed in the city's plant gave the Ames Iron Works such an interest in the real estate that a mechanic's lien for the value of the material furnished by it may be acquired and enforced against the property, and then to avoid the effect of the rule that a mechanic's lien can not be acquired and enforced against the

174     APPELLATE COURT OF INDIANA,

City of Portland v. Indianapolis, etc., Fuel Co.—57 Ind. App. 166.

real estate of a municipal corporation it is forced to the inconsistent position of contending that the interest so acquired by the Ames Iron Works enables it to enforce a mechanic's lien against the engines, boilers, etc., so installed in appellant's building as aforesaid, separate and apart from the property of appellant. As already shown, the interest in property upon which a mechanic's lien may be acquired goes either to the property as a unit including improvements and ground, all as real estate, or, in certain instances, to the improvements as a whole separate and apart from the real estate upon which they stand, but not to separate articles or component parts of the building or other structure. For this reason if it is sought to enforce the lien against the property because of the interest of the Ames Iron Works in the engines, boilers, etc., it can not be done because if considered as a part of the real estate, the lien is defeated, because the real estate was owned by the city of Portland at the time the material was furnished and the notice of the lien filed. If it is sought to enforce the lien against the engines, boilers, etc., separate from the real estate as property of the Ames Iron Works, it can not be done for the reason that such property must either be regarded as a separate and distinct part of the improvement or as separate articles of personal property in the nature of trade fixtures, subject to removal by the owner, and therefore not subject to a mechanic's lien under our statute. This view is supported in principle by the decisions of our own courts and by the decisions of the courts of other jurisdictions. *Potter Mfg. Co.* v. *A. B. Meyer & Co.* (1909), 171 Ind. 513, 519, 86 N. E. 837, 131 Am. St. 267; *McFarlane* v. *Foley* (1901), 27 Ind. App. 484, 60 N. E. 357, 87 Am. St. 264; *Parker Land, etc., Co.* v. *Reddick* (1897), 18 Ind. App. 616, 618, 619, 47 N. E. 848; *McAlear* v. *New York Life Ins. Co.* (1913), 177 Ill. App. 339, 342; *Baker* v. *Fessenden* (1880), 71 Me. 292, 293; *Carroll* v. *Shooting the Chutes Co.* (1900), 85 Mo. App. 563, 565; *Collins & Holli-*

*day* v. *Mott* (1869), 45 Mo. 100; *Forbes* v. *Alabama Mach., etc., Co.* (1912), 176 Ala. 423, 58 South. 398; *Armstrong Cork Co.* v. *Merchants, etc., Co.* (1910), 184 Fed. 199, 107 C. C. A. 93; *Wagar* v. *Briscoe, supra;* Phillips, Mechanics' Liens (3d ed.) §176; 2 Jones, Liens §§1335, 1385, 1386; 27 Cyc. 38.

The view we have taken of the complaint makes it unnecessary to consider the sufficiency of the answer. For the error in overruling the demurrer to the complaint the judgment is reversed.

NOTE.—Reported in 106 N. E. 735. As to when public buildings are subject to mechanics' liens, see 27 Am. Rep. 83; 35 L. R. A. 141; 20 L. R. A. (N. S.) 261; 41 L. R. A. (N. S.) 315. See, also, under (1) 27 Cyc. 25; (2) 27 Cyc. 374; (3) 27 Cyc. 227; (4) 27 Cyc. 17, 110; (5) 27 Cyc. 226.