## In re HAMMOND INTERIOR FINISH CO.

## TRI-CITY ELECTRIC SERVICE CO v. SURPRISE.

(Circuit Court of Appeals, Seventh Circuit. May 27, 1926.)

### No. 3574.

**1. Bankruptcy ⬯350.**

In determining priority of lien claim against bankruptcy estate, lien statutes of state determine character and extent of lien, if any.

**2. Bankruptcy ⬯192, 350.**

Under Burns' Ann. St. Ind. 1926, §§ 9831, 9832, person furnishing labor and material to bankrupt, who owned neither land nor building, did not have lien on machinery or personal property sold by trustee, and was not entitled to priority.

Petition to Review and Revise an Order in Bankruptcy from the District Court of the United States for the District of Indiana.

In the matter of the bankruptcy of the Hammond Interior Finish Company, wherein the Tri-City Electric Service Company filed an intervening petition for priority of its claim, opposed by Charles L. Surprise, trustee. Order allowing priority was vacated by the District Court, and claimant petitions to review and revise. Affirmed.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

Wm. J. Whinery, of Hammond, Ind., for petitioner.

Edwin H. Friedrich, of Hammond, Ind., for respondent.

EVAN A. EVANS, Circuit Judge. Petitioner, pursuant to a written contract made with bankrupt, March 17, 1924, rendered services and furnished material in running power wires and electrical connections in bankrupt's manufacturing plant, which were unpaid when the adjudication in bankruptcy occurred. It filed a lien as provided by the laws of Indiana, and seeks to secure priority for its claim. When such services were rendered and material furnished, the Hammond Interior Finish Company was a corporation operating a lumber and millwork plant in Indiana. Its machinery, consisting of 12 or 13 motors, ordinarily used in planing and lumber mills, was installed in a rented building.

The trustee in bankruptcy sold all the assets of the bankrupt, consisting largely of machinery, office fixtures, and personal property, and the contest has been transferred to the proceeds derived from such sale. Petitioner filed an intervening petition, asking the referee to direct the trustee to pay its claim in full as a prior or secured claim. Hearing was had, followed by an order in petitioner's favor. This order was duly reviewed by the District Court, and vacated on the ground that under the statutes of Indiana, as construed by the courts of that state, no lien existed in petitioner's favor.

[1] It must be conceded that the Indiana lien statutes determine the character, nature, and extent of petitioner's lien, if any it has. Interesting as may be the study of different state statutes and the decisions of the state courts construing them, it is the Indiana lien statutes and the Indiana courts' decisions that are decisive of the question presented to us.

Sections 9831 and 9832, Burns' R. S. 1926, designate the parties entitled to the lien, and describe the subjects of lien in Indiana. We quote therefrom so far as they relate to this case:

"Sec. 9831. Contractors, subcontractors, mechanics, journeymen, laborers and all persons performing labor or furnishing materials or machinery for the erection, altering, repairing or removing any house, mill, manufactory, or other building, bridge, reservoir, system of waterworks, or other structure, * * * may have a lien separately or jointly upon the house, mill, manufactory or other building, bridge, reservoir, system of waterworks or other structure, * * * for which they may have furnished materials or machinery of any description, and on the interest of the owner of the lot or parcel of land on which it stands, or with which it is connected, to the extent of the value of any labor done, material furnished or either '* * *.'"

"Sec. 9832. The entire land upon which any such building, erection or other improvement is situated, including that portion not covered therewith, shall be subject to lien to the extent of all the right, title, and interest owned therein by the owner thereof, for whose immediate use or benefit such labor was done or material furnished; and where the owner has only a leasehold interest, or the land is encumbered by mortgage, the lien, so far as concerns the buildings erected by said lienholder, is not impaired by forfeiture of the lease for rent or foreclosure of mortgage; but the same may be sold to satisfy the lien

and [be] removed within ninety [days] after the sale by the purchaser."

Petitioner's right to a lien must be found in these statutes which the Indiana courts have held are in derogation of the common law. Ward v. Yarnelle, 173 Ind. 535, 560, 91 N. E. 7; Cincinnati, etc., Railroad v. Shera, 36 Ind. App. 315, 73 N. E. 293. Respondents assert that the rule applicable to this case is announced in City of Portland v. Indianapolis, etc., Fuel Co., 57 Ind. App. 166, 106 N. E. 735, as follows:

"As already shown, the interest in property upon which a mechanic's lien may be acquired goes either to the property as a unit, including improvements and ground, all as real estate, or, in certain instances, to the improvements as a whole separate and apart from the real estate upon which they stand, but not to separate articles or component parts of the building or other structure. For this reason, if it is sought to enforce the lien against the property because of the interest of the Ames Iron Works in the engines, boilers, etc., it cannot be done, because, if considered as a part of the real estate, the lien is defeated, because the real estate was owned by the city of Portland at the time the material was furnished and the notice of the lien filed. If it is sought to enforce the lien against the engines, boilers, etc., separate from the real estate as property of the Ames Iron Works, it cannot be done for the reason that such property must either be regarded as a separate and distinct part of the improvement or as separate articles of personal property in the nature of trade fixtures, subject to removal by the owner, and therefore not subject to a mechanic's lien under our statute."

In other cases the Indiana courts have held that the lien of the contractor did not extend to the specific articles furnished for the building, as distinguished from the building. Baylies v. Sinex, 21 Ind. 45; Colter v. Frese, 45 Ind. 96; McCarty v. Burnet et al., 84 Ind. 23.

Petitioner's material furnished and labor performed were in connection with the running of wires through conduits fastened to the wall of the building and in the rooms wherein the machinery was located. Likewise, it installed panel boards to which the power wires ran and upon which the switches were installed. Bankrupt owned neither the land nor the building wherein it installed its machinery. Such machinery was so placed that it did not become a part of the building. [2] Applying the decisions to the facts in the instant case, then, we find no support for attaching a lien in petitioner's favor to the motors or other machinery or to the personal property ("and separate articles") which were removed and sold by the trustee. This personal property never was a part of the "property as a unit including improvements and ground, all as real estate." Neither were they "the improvements as a whole, separate and apart from the real estate upon which they stood." They were "separate articles of personal property in the nature of trade fixtures, subject to be removed by the owner."

It follows that, under the statute and decision of Indiana, petitioner did not have a lien upon the articles sold by the trustee, and the court rightfully denied any and all priority in the way of payment over other creditors.

The order of the District Court is affirmed.