PARKER LAND AND IMPROVEMENT COMPANY v. REDDICK.

[No. 2,299.   Filed Oct. 7, 1897.   Rehearing denied Dec. 10, 1897.]

MECHANIC'S LIEN.—*Foreclosure.*—*Complaint.*—A complaint for work and labor performed and material furnished in the erection of a structure, and for the foreclosure of a mechanic's lien, which fails to allege specifically what was constructed, is sufficient on demurrer, where there is filed with, and made a part of the complaint a bill of particulars setting forth the amount of material furnished and the labor performed. *pp. 617, 618.*

PLEADING.—*Harmless Error.*—It is harmless error to sustain a demurrer to an argumentative denial which is pleaded with a general denial. *p. 618*

MECHANIC'S LIEN.—*Large Tank a Fixture.*—A tank of 250 barrels capacity, placed upon a foundation of earth and lumber, on the purchaser's land, will be presumed to be a permanent accession to the land; and where the parts of the tank were made at the builder's shop, then shipped to the place of erection as material, and put together with oakum, pitch, and hoops, the builder will be entitled to a mechanic's lien. *pp. 618, 619.*

From the Randolph Circuit Court.   *Affirmed.*

*G. H. Ward, J. W. Newton* and *W. G. Perry,* for appellant.

*G. D. Williamson,* for appellee.

ROBINSON, J.—The agreed statement of facts in this case was, in substance, as follows:   Appellee, Reddick, on January 1, 1896, was engaged in the manufacture and sale of wooden tanks at Montpelier, Indiana, where he operated a shop for such purposes.   In the manufacture of large tanks all the parts used are completed ready to put together at said shop, except making the iron hoops, and are shipped to the point as material, and when received at the place of use the tank

is put together with the use of oakum and pitch, and
hoops are made and placed thereon; on January 14,
1896, the appellant, through an agent, purchased a
tank complete for the sum of $90.00, complete on the
ground at Parker City, and agreed to pay said sum
therefor; that pursuant to such purchase, appellee
shipped one two-hundred-and-fifty-barrel tank com-
plete, "except setting up and hooping, to wit: 500 feet
Norway lumber, worth $8.50; 850 cypress, $29.70; 235
pine flooring, $4.40; 30 Norway, $0.42; 378 pounds hoop
iron, $9.45; 1 tank bolt, $0.35; 5 pounds nails, $0.15;
5 pounds oakum, $0.40; 15 pounds pitch, $0.25." All of
said material was prepared at appellee's said shop, ex-
cept the hoop iron, which was cut and riveted at Par-
ker City, and all said material was used in the con-
struction of said tank; that appellee sent a man to
place said tank on appellant's land, which is de-
scribed, and paid him for the work, and that the tank
was placed on said land by appellee upon a board plat-
form laid upon a grade of earth by appellee; that ap-
pellee filed his notice of his intention to hold a lien
upon said real estate and tank on the 11th day of
March, 1896, which notice was recorded; that appel-
lant has not paid for the tank, and that a reasonable
attorney fee is ten dollars.

Judgment was rendered in appellee's favor for
$102.70, and a decree of foreclosure of the mechanic's
lien.

The complaint seeks to recover for work and labor
performed and material furnished in the construction
of the structure, and it is argued that the demurrer to
the complaint should have been sustained because of
the failure to allege specifically what was constructed.
Filed with the complaint is a bill of particulars set-
ting forth the amount of material furnished, and the
work and labor done, and also the notice of an in-

tention to hold a lien. These are made a part of the complaint. The word used in the pleading is used in the mechanic's lien statute, and if the complaint was not sufficiently specific a motion to have it made more specific should have been filed. Construing the complaint and the exhibits together, we think the complaint states facts sufficient to constitute a cause of action, and the demurrer was properly overruled.

In the second paragraph of answer it was alleged, that appellee was engaged in the manufacture of wooden tanks at his factory as articles of merchandise and commerce, and selling them as such in a finished condition to the general trade; admits the purchase of the tank as alleged in the complaint and at the price therein named; that after the purchase of the tank it was "knocked down" and shipped as lumber to appellant; that it is the same tank mentioned in the bill of particulars filed with the complaint; that appellant did not purchase any materials whatever from appellee; that appellant is indebted to appellee for the tank, but denies his right to a lien.

This paragraph of answer could be good only as an argumentative denial, and as it was pleaded with the general denial there was no error in sustaining the demurrer. *Mays* v. *Hedges*, 79 Ind. 288.

Appellant argues that under the agreed facts appellee does not show himself to be within the provisions of the mechanic's lien law. With this view we cannot agree. Appellant's argument that it is not shown that the tank was a fixture because it appears that the tank was set up on said real estate upon a board platform laid upon a grade of earth, might be used with the same force concerning a frame house set on blocks. From the various items set out in the agreed state of facts it is evident the tank was not in a completed condition when it was shipped, but that some of its parts

had been shaped at the factory, and that the tank never was completed, and never became a structure until it had been shipped to appellant and placed on the real estate. The facts show that in making large tanks the parts were completed at the shop ready to be put together, and were shipped to the point to be used as material, and that they were there put together with oakum, pitch, and hoops.

It is contended that it is not shown that the tank became a fixture and a part of the real estate. But the fact that the tank was of the capacity of two hundred and fifty barrels; that it was placed upon a foundation built expressly for it out of earth and lumber, and that the purchaser placed it on his own land, leads to the presumption that appellant intended to make the tank a permanent accession to the land.

In the case of *Binkley* v. *Forkner*, 117 Ind. 176, the court, by Mitchell, J., said: "The united application of these requisites is regarded as the true criterion on an immovable fixture: (1) Real or constructive annexation of the article in question to the freehold. (2) Appropriation or adaptation to the use or purpose of that part of the realty with which it is connected. (3) The intention of the party making the annexation to make the article a permanent accession to the freehold." Ewell, Fixtures, 21; Tyler, Fixtures, 114; *Hamilton* v. *Huntley*, 78 Ind. 521.

Counsel cite the case of *Caulfield* v. *Polk*, 17 Ind. App. 429, in support of their views. That case in no way limits the right of a contractor or material man to a lien, but upon the particular facts of that case it was held that our statute makes no provision for a lien in favor of one who simply sells materials to another who is himself but a material man.

In the case at bar, the agreed facts clearly show that appellee had furnished material and had performed

work and labor entitling him to a lien under the statute.

It is argued that the amount of the recovery is too large. The amount of the judgment rendered includes the price to be paid for the tank, with interest, and $10.00 attorney's fees as agreed upon. It is not claimed that the amount allowed as interest is too large. We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

WILEY, C. J., took no part in this decision.