Parker Land and Improvement Company *v.* Reddick.

PARKER LAND AND IMPROVEMENT COMPANY *v.* REDDICK.

[No. 2300.    Filed Dec. 17, 1897.    Rehearing denied May 12, 1898.]

From the Randolph Circuit Court.    *Affirmed.*

*J. W. Newton* and *G. H. Ward*, for appellant.

*Garland D. Williamson*, for appellee.

ROBINSON, C. J.—The questions presented in this case are in all respects identical with those in the case of *Parker Land and Improvement Co.* v. *Reddick*, 18 Ind. App. 616. Upon the authority of the decision of that case the judgment is affirmed.

Wiley, J., dissents.

ON PETITION FOR REHEARING.

WILEY, J.—From the opinion of the majority of the court affirming the judgment below, I dissented, but did not express my views in a dissenting opinion. In my own mind, I thought then that the court reached a wrong conclusion, and, after a more deliberate consideration of the questions involved, I am more firmly convinced that I was

Parker Land and Improvement Company v. Reddick.

correct in my original views, and that the court erred in its decision of the case.

Robinson, C. J., speaking for the court, said: "The questions presented in this case are in all respects identical with those in the case of *Parker Land and Improvement Co.* v. *Reddick*, 18 Ind. App. 616. Upon the authority of the decision in that case, the judgement is affirmed." In the decision of number 2,299 I did not take part, and, while I differ with my associates in the conclusion there reached, the principles there declared is now the law, so far as this court is concerned; and I have no inclination to refer to it further, only to show, if I can. the wide difference between it and the case I am now considering. Each of these cases were submitted to the court upon an agreed statement of facts. Among other facts, it was agreed in the former case that the appellant was the owner of a certain lot in its Woodlawn addition to Parker City, when it purchased of appellee the oil tank, for which, and the labor of its construction, appellee filed the notice of his intention to hold a mechanic's lien.

In the case I am now considering, among other facts, it was agreed that appellant, on the 13th day of January, 1896, held a lease upon certain described real estate; that appellee erected and placed thereon a two hundred and fifty barrel oil tank; that said oil tank was ordered of appellee by appellant on said 13th day of January, 1896; and that appellee, on March 11, 1896, filed his notice of intention to hold a lien thereon for labor and material in the construction of said tank. Upon the agreed facts, the court found for appellee, and rendered judgment accordingly. It was decreed that the real estate described in the notice and complaint, the drilling rig, complete, and the two hundred and fifty barrel oil tank recently erected thereon, etc., be sold as other lands are sold on execution, etc.

The agreed statement of facts, shows that on the 13th day of January, 1896, appellant had a lease on the real estate described in the notice and complaint. In the notice of appellee's intention to hold a mechanic's lien, the notice described the real estate, "a drilling rig, complete," and a two hundred and fifty barrel oil tank. The complaint avers, and the agreed facts show, that appellant was merely the lessee of the real estate described. The complaint further avers, and the agreed facts show the construction and erection of the tank.

In the notice of appellee's intention to hold a mechanic's lien three distinct classes, or articles of property, are described, to wit: (1) The real estate; (2) "the drilling rig, complete," and (3) the two hundred and fifty barrel oil tank.

In the agreed statement of facts no mention or agreement is made touching the "drilling rig, complete," yet the court in its finding and decree, directs that it be sold with the other property. In the case of the *Parker Land and Improvement Co.* v. *Reddick, supra*, the court

based its opinion, as I understand it, upon the fact that the construction and erection of the oil tank, under the agreed facts, upon appellants' own real estate, such tank became an accession to such real estate. In the opinion Robinson, J., speaking for the court, said: "But the fact that the tank was of the capacity of two hundred and fifty barrels; that it was placed upon a foundation built expressly for it out of earth and lumber, and that the purchaser placed it on his own land, leads to the presumption that appellant intended to make the tank a permanent accession to the land." In the opinion the following is quoted approvingly from *Binkley* v. *Forkner*, 117 Ind. 176, viz.: "The united application of these requisites is regarded as the true criterion on an immovable fixture: (1) Real or constructive annexation of the article in question to the freehold. (2) Appropriation or adaptation to the use or purpose of that part of the realty with which it is connected. (3) The intention of the party making the annexation to make the article a permanent accession to the freehold." It was upon the theory of the principles there announced, that the court held that the lien attached and could be enforced. There appellant owned the real estate, and erected on it, what the court held, under the facts, to be a permanent accession to the land, and hence the right to the lien was established. I cannot concur in the holding of the court in that regard, on the ground, that in my judgment, such tank was not such "other structure," contemplated within the meaning of the statute, and in the very nature of things, under the agreed facts, was not a fixture or a permanent accession to the real estate. But, as that question is put at rest by the decision of it, further comment is useless.

That the oil tank when purchased was personal property, there seems to be no doubt. This being so, it was not subject to the provisions of the mechanic's lien law until it attached as a permanent fixture to the real estate. The real estate upon which the tank was placed was held in fee by another. Appellant only had a leasehold interest in it, and hence it seems to me that there is no presumption that appellant intended it as a permanent accession to the land.

In my judgment also, the size of the "structure," if it be a structure in this case, does not measure the right of the lien holder. If a mechanic, material man, or laborer brings himself within the provisions of the statute, he is entitled to his lien, regardless of the extent or size of the building, or other structure erected. If a person should purchase materials and employ a mechanic to build for his wife, a flower tub, and place it in his front yard, on a foundation made of earth and boards, it would be a "structure" within the meaning of the statute, if the rule announced in these cases is the law. I cannot subscribe to that doctrine. It is the rule that a tenant may erect a house, building, or structure on the leased premises, to the end that

he may have the best use of the leasehold, and he may remove it at any time before the expiration of his lease, where that can be done without injury to the freehold. Can it be contended that appellant did not have the right to remove the tank at any time before the expiration of the lease, or that such removal would injure the land ?

In *Antoni* v. *Belknap,* 102 Mass. 193, where appellees, as lessees, erected, during the term of their lease, a large building for the storage of ice. It was erected upon the land leased, with wooden blocks under the corners, the sills imbedded in the ground, and banked up at the sides. Upon these facts it was held that the building was a tenant's fixture, and not a fixture to the freehold.

It seems to me that the rule there announced is a correct one, and if so, the tank erected by appellant was but at most a tenant's fixture, and not a fixture to the freehold, and if not a fixture to the freehold, the appellee had no right to a mechanic's lien. See *Turner* v. *Wentworth,* 119 Mass. 459; *Moore* v. *Smith,* 24 Ill. 513.

In this case, the agreed statement of facts, upon which the case was submitted to the court for trial, which was all the evidence in the case, and upon which the court made its finding and entered its judgment, no mention whatever is made of a "drilling rig, complete," and yet in the decree the court directs the sale of the real estate, the two hundred and fifty barrel oil tank, and the "drilling rig, complete." It thus appears that the judgment and decree are broader than the agreed facts warrant. The judgment embraces property about which the agreed facts makes no mention, and the decree orders the sale of property about which there is no evidence or showing that such property exists, or is subject to sale. While counsel have not discussed this question, it is so apparent from the face of the record that it ought not escape unnoticed. For these reasons I think the petition for a rehearing should be granted. The majority of my associates being of a contrary view, the petition for a rehearing is overruled.