**Dr. Kenneth U. LAU, Appellant (Plaintiff Below),**

**v.**

**The INDIANA NATIONAL BANK and Midwest Liquidators, Inc., Appellees (Defendants Below).**

**No. 80A04–8606–CV–166.**

Court of Appeals of Indiana, Fourth District.

April 15, 1987.

Bryce D. Owens, Owens & Owens, Pendleton, for appellant.

John W. Graub II and Christopher E. Baker, Rubin & Levin, Indianapolis, for appellees.

CONOVER, Presiding Judge.

Plaintiff-Appellant Kenneth Lau (Lau) appeals the dismissal of his conversion action against Indiana National Bank (INB) and Midwest Liquidators.

We reverse.

ISSUES

Lau presents two issues for our review. Because we reverse, we address only one,

whether Lau alleged sufficient facts to support his action for conversion.

## FACTS

Lau purchased a tract of land on which was located a Harvestore, Slurrystore and pump at a Sheriff's sale in 1983. After the sale, Midwest Liquidators on behalf of INB removed farm equipment from that tract including the slurry pump here involved. INB acted pursuant to a security agreement between itself and the prior owners of the property. Lau requested the pump's return claiming it was a fixture on the real estate. When INB refused, this action ensued.

The trial court dismissed Lau's complaint holding a slurry pump was personal property as a matter of law. From this dismissal Lau appeals.

## DISCUSSION AND DECISION

Our standard of review when considering a dismissal under Trial Rule 12(B)(6) is well settled. We accept the facts alleged in the complaint as true, and only when it appears under no set of facts could plaintiffs be granted relief is dismissal of the complaint appropriate. *Thiele, et al. v. Indiana Department of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275.

The question presented to us is not whether the pump is a fixture, but whether Lau alleged sufficient facts to support a finding the pump was a fixture.

 To determine whether a specific article of property is personalty or realty, three factors must be considered:

1. its annexation to the realty, which may be either actual or constructive;

2. its adaption to the use of the realty or the part thereof to which it is connected; and

3. whether the party annexing it intended thereby to make the article a permanent accession to the freehold. *Citizens Bank v. Mergenthaler Linotype Co.* (1940), 216 Ind. 573, 25 N.E.2d 444, 447.

*See, also Citizens Bank of Michigan City v. Hansom* (1986), Ind.App., 497 N.E.2d 581.

 Here, Lau alleged, "9. The pump removed from the real estate was an essential component of the Slurrystore and Harvestore and constructively attached thereto." (R. 11).

Thus, Lau alleged the requisite attachment. Whether the attaching party intended the pump to be a permanent accession thereto is a question of fact. This factual determination is to be inferred from the circumstances surrounding the adaption, annexation and objective actions of the attaching party.

Taking these allegations as true, as we must,[1] it is apparent the court erred in dismissing the complaint.

Reversed and remanded with instructions to reinstate Lau's complaint, and for further proceedings consistent with this opinion.

MILLER and HOFFMAN, JJ., concur.

---

1. It is apparent from the transcript of the hearing on INB's motion to dismiss, the trial court did not take Lau's allegation of constructive attachment as true, as is required by *Thiele, supra.*