OPINION
 

 BAILEY, J.
 

 Case Summary
 

 Appellant-Defendant Town and Country Ford, Inc. (“Dealer”) appeals the judgment entered after a bench trial in favor of Appel-lees-Plaintiffs Scott Busch and Lana Foust (“Buyers”) on the Buyers’ claim that the used Ford Bronco purchased from Dealer could not be used for its intended purpose due to reoccurring problems. The trial court’s judgment 1) granted Buyers’ request that their acceptance of the Bronco be revoked and that Dealer take the truck back, and 2) awarded Buyers nearly $8,000.00 in damages. We reverse.
 

 Issue
 

 The sole issue raised on appeal is whether Dealer adequately disclaimed any warranty under Ind.Code § 26-1-2-316.
 

 Facts
 

 The undisputed facts reveal that Dealer sold Buyers a used Ford Bronco. (R. 112). The purchase agreement read in pertinent part as follows:
 

 THERE ARE NO WARRANTIES WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE HEREOF, EXCEPT THE MANUFACTURER’S WARRANTY IF THIS SALE IS OF A NEW CAR; AND THAT USED CARS ARE SOLD “AS IS” WITH ALL DEFECTS. ALL WARRANTIES OF MERCHANTABILITY ARE HEREBY EXPRESSLY EXCLUDED.
 

 ... This VEHICLE PURCHSE [sic] AGREEMENT constitutes the entire agreement between the parties and cannot be changed by an oral promise or representation, or modified in any manner unless in writing and signed by both parties. Buyer hereby certifies that he (she/they) is (are) over the age of 18 years, and has (have) read, understand(s), and agree(s) to the above terms. Executed the year and day first above written. BUYER ACKNOWLEDGES THAT NO ORAL PROMISES OR REPRESENTATIONS HAVE BEEN MADE PRIOR TO THE EXECUTION OF THIS AGREEMENT WHICH HAVE NOT BEEN INCORPORATED HEREIN IN WRITING.
 

 (R. 114; capitalization original). The Buyers also signed another document entitled “Dealer Warranty Disclaimer” which read in pertinent part as follows:
 

 The above described motor vehicle is being sold “as is” and “with all faults” and: THE SELLING DEALER HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, AND NEITHER ASSUMES NOR AUTHORIZES ANY OTHER
 
 *1132
 
 PERSON TO ASSUME FOR IT ANY LIABILITY IN CONNECTION WITH THE SALE OF THIS VEHICLE. BUYER SHALL NOT BE ENTITLED TO RECOVER FROM THE SELLING DEALER ANY CONSEQUENTIAL DAMAGES, DAMAGES TO PROPERTY, DAMAGES FOR LOSS OF USE, LOSS OF TIME, LOSS OF PROFITS, OR INCOME, OR ANY OTHER INCIDENTAL DAMAGES.
 

 (R. 133; capitalization and bold original). Buyers admitted that they had each signed both of these documents and had been given an opportunity to review them before signing. (R. 132,142).
 

 Buyers took the Bronco back to Dealer for repairs several times due to reoccurring problems. (R. 7). Finally, Buyers, through their attorney, revoked their acceptance of the truck and demanded to be returned to the status quo. (R. 9-10). Litigation ensued and the matter was tried to the bench. (R. 107). The trial court entered judgment in favor of Buyers as discussed above. (R. 44-45). This appeal followed. Our Clerk’s History Listing for this case states that “AP-PELLEE DOES NOT WANT TO FILE BRIEF.” (Capitalization original).
 

 Discussion and Decision
 

 A.Prima Facie Error Standard
 

 At the outset, we must consider that Buyers have elected to not submit an appel-lee’s brief. When an appellee does not submit a brief, an appellant may prevail by making a prima facie case of error.
 
 Rzeszutek v. Beck,
 
 649 N.E.2d 673, 676 (Ind.Ct.App.1995),
 
 trans. denied.
 
 The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee.
 
 Id.
 
 As stated in
 
 White v. Porter County Treasurer,
 
 671 N.E.2d 1196, 1197 (Ind.Ct.App. 1996):
 

 In such a situation, the reviewing court does not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the [trial] court if the appellant can establish
 
 prima facie
 
 error.
 
 Pri-ma facie,
 
 in this context, is defined as ‘at first sight, on first appearance, or on the face of it.’
 

 Id.
 
 at 1197 (citations omitted).
 

 B.Standard of Review for Findings Entered by the Trial Court
 

 In the present case, a motion for specific findings was filed pursuant to Ind. Trial Rule 52(A). The purpose of making special findings is to provide the parties and reviewing courts with the theory upon which the judge decided the case so that the right of review might be effectively preserved.
 
 In re Marriage of Stetler,
 
 657 N.E.2d 395, 398 (Ind.Ct.App.1995),
 
 trans. denied.
 
 On appeal of a bench decision, the appellate court will not set aside the judgment unless it is clearly erroneous. Ind.Trial Rule 52(A). In reviewing the findings and judgment entered by the trial court, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility.
 
 Breeden v. Breeden,
 
 678 N.E.2d 423, 425 (Ind.Ct.App.1997). A judgment is not clearly erroneous unless the evidence is un-contradicted and supports no reasonable inferences in favor of the judgment or when a review of the record leaves us with a firm conviction that a mistake has been made.
 
 Burnett v. Heckelman,
 
 456 N.E.2d 1094, 1097 (Ind.Ct.App.1983).
 

 C.Freedom to Contract
 

 Our supreme court has recently confirmed its commitment to advancing the public policy in favor of enforcing contracts.
 
 See Trimble v. Ameritech Publishing, Inc.,
 
 700 N.E.2d 1128, 1129 (Ind.1998) (citing
 
 Fresh Cut, Inc. v. Fazli,
 
 650 N.E.2d 1126, 1129 (Ind.1995)). Indiana courts recognize that it is in the best interest of the public not to unnecessarily restrict persons’ freedom to contract.
 
 Id.
 
 Thus, as a general rule, the law allows competent adults the utmost liberty in entering into contracts which, when entered into freely and voluntarily, will be enforced by the courts.
 
 Federal Kemper Ins. Co. v. Brown,
 
 674 N.E.2d 1030, 1033 (Ind.Ct.App.1997),
 
 trans. denied.
 
 Nevertheless, despite the very strong presumption of enforceability, courts have refused to enforce private
 
 *1133
 
 agreements that contravene statute, clearly tend to injure the public in some way, or are otherwise contrary to the declared public policy of Indiana.
 
 Continental Basketball Ass’n, Inc. v. Ellenstein Enterprises, Inc.,
 
 669 N.E.2d 134, 139 (Ind.1996).
 

 D. Disclaimer of Warranties,
 

 It is well-settled that a dealer of used automobiles may disclaim implied warranties through the use of conspicuous language containing expressions like “as is” or “with all faults” or other language which in common understanding call the buyer’s attention to the exclusion of warranties and makes plain that there is no implied warranty. Ind.Code § 26-1-2-316;
 
 DeVoe Chevrolet-Cadillac Inc. v. Cartwright,
 
 526 N.E.2d 1237, 1240 (Ind.Ct.App.1988).
 

 E. Analysis and Conclusion
 

 The written disclaimers signed by Buyers as set out in the FACTS section are effective under Ind.Code § 26-1-2-316 and control the disposition of the present case. See id. As our review of the record has left us with a firm conviction that a mistake has been made, we conclude that the trial court’s judgment is clearly erroneous. Thus, Dealer has established prima facie error. Therefore, we reverse and remand with instructions that judgment be entered in favor of Dealer.
 

 Reversed.
 

 SHARPNACK, C.J., and NAJAM, J., concur.
 

 ORDER
 

 This Court having heretofore handed down its opinion in this appeal on February 26, 1999, marked Memorandum Decision, Not for Publication; and
 

 The Appellant, by counsel, having thereafter filed its Motion to Publish Opinion, alleging therein that publication of the opinion will be useful to automobile dealers and other merchants in the State of Indiana who seek to effectively disclaim warranties, which said Motion is in the following words and figures, to-wit:
 

 (H.I.)
 

 And the Court, having thereafter issued its Order ordering the Appellees to show cause why saj¿[ Opinion should not be published or the Appellant’s Motion to Publish Opinion would be granted; and
 

 The Appellees having failed to file a Response to the show cause Order, the Court now finds that the Appellant’s Motion to Publish Opinion should be granted and that this Court’s opinion in this appeal should now be ordered published.
 

 IT IS THEREFORE ORDERED as follows:
 

 1. The Appellant’s Motion to Publish Opinion is granted and this Court’s opinion heretofore handed down in this cause on February 26, 1999 marked Memorandum Decision, Not for Publication is now ordered published.