BOARD OF TRUSTEES OF PURDUE UNIVERSITY, Purdue University, John Sautter, Marvis Boscher, Chad Johnson, David G. Lewis, in their individual capacities, Purdue University Police Department, Purdue University Police Department Officer Ken Cox, Purdue University Police Department Officer Fred Davis, in their individual capacities, Office of the Sheriff, Tippecanoe County, Indiana, Tippecanoe County Sheriff's Department Deputy Andrew Warren, in his individual capacity, Appellants–Defendants,

v.

Donald M. SEVERSON and Sandra A. Severson, Individually, and as Personal Representatives of the Estate of Jay T. Severson, Deceased, Appellees–Plaintiffs.

No. 56A03–9912–CV–451

Court of Appeals of Indiana.

June 13, 2000.

Rehearing Denied Aug. 10, 2000.

John M. Stuckey, David A. Locke, Lafayette, Indiana, Attorneys for Appellants.

Andrew P. Wirick, John C. Green, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

HOFFMAN, Senior Judge

Defendants–Appellants Board of Trustees of Purdue University, Purdue University, John Sautter, Marvis Boscher, Chad Johnson, David G. Lewis, Purdue University Police Department, Purdue University Police Officer Ken Cox, Purdue University Police Officer Fred Davis, the Tippecanoe County Sheriff's Office, and Tippecanoe County Sheriff's Deputy Andrew Warren, (collectively, "the Purdue Defendants") bring this interlocutory appeal of the trial court's order refusing to transfer venue pursuant to Ind. Trial Rule 75 in this cause of action brought by Plaintiffs–Appellees Donald M. Severson and Sandra A. Severson, ("the Seversons"), individually, and as Personal Representatives of the Estate of Jay T. Severson, Deceased. We reverse.

The facts as alleged in the complaint reveal that Jay Severson, ("Jay"), was a twenty-seven year old graduate student at Purdue University in the fall of 1996. Jay also served as a resident advisor on the third floor of Wiley Hall dormitory, and as such, was a paid employee of Purdue University. Among Jay's responsibilities was the duty to report suspected criminal conduct by Wiley Hall residents to the Purdue University Police Department. On October 11, 1996, Jay contacted campus police to report that another student had seen Jarrod Allan Eskew, ("Eskew"), a Wiley Hall third-floor resident, using marijuana and cocaine.

A few days later, on October 15, 1996, Jay conducted a routine monthly inspection of smoke detectors. At that time he discovered Eskew cutting cocaine in his room. Later in the evening, Jay went to campus police to report what he had seen. However, when police arrived at Wiley Hall, Eskew had disappeared. A subsequent search of Eskew's room and car revealed trace amounts of cocaine in each location.

At approximately 2:50 p.m. the following day, Eskew returned to Wiley Hall armed with a sawed-off shotgun. The door to Jay's room was open at the time Eskew approached. After he reached Jay's room, Eskew fired one shot at Jay's head, killing him. Eskew then returned to his own room at Wiley Hall where he committed suicide.

On October 15, 1998, the Seversons filed their Complaint for Damages in Newton Circuit Court. On October 16, 1998, the Seversons filed an Amended Complaint for Damages. In that complaint the Seversons alleged that the Purdue Defendants willfully and deliberately required Jay to investigate and confront student drug users and/or dealers without proper training and without an appropriate support network. The Seversons also alleged that the Purdue Defendants created a special

relationship with Jay on the night before his murder, and then failed to protect him. The Seversons claimed that the conduct described in the complaint establishes liability under 42 U.S.C. § 1983 and state tort law.

The complaint also alleged that because the Seversons reside in Newton County and at least one of the defendants is a governmental organization as defined by Ind. Trial Rule 75, preferred venue exists in Newton County pursuant to T.R. 75(A)(5).

On November 5, 1998, the Purdue Defendants filed their Answer and moved to dismiss plaintiffs' "individual capacity" claims. The Purdue Defendants[1] also moved to transfer venue to Tippecanoe County, on the bases that the Amended Complaint stated no legally cognizable claims in the Seversons' individual capacities, and that the Estate of Jay T. Severson ("the Estate"), is not an individual plaintiff within the meaning of T.R.75(A).

The trial court initially set the Purdue Defendants' venue motion for hearing on January 12, 1999. After the Seversons moved for a continuance, the hearing was reset for March 16, 1999.

On January 9, 1999, the Seversons moved for leave to file a Second Amended Complaint. The Purdue Defendants filed their motion in opposition on January 12, 1999. Prior to any hearing on the motion to transfer venue, the trial court granted the Seversons' motion for leave to file a Second Amended Complaint. On January 19, 1999, the Purdue Defendants filed a motion to reconsider the order granting the Seversons leave to file their Second Amended Complaint, alleging that the trial court was divested of jurisdiction to authorize amendment of the existing complaint once the defendants' motion to transfer venue was before the court.

Oral argument was held before the trial court on April 20, 1999. The trial court took the Purdue Defendants' pending motions under advisement. By order, dated November 15, 1999, the trial court denied the Purdue Defendants' motion to reconsider the order granting the Seversons leave to amend, and the Purdue Defendants' motion to dismiss the individual capacity claims and to transfer venue. The trial court's order provides as follows:

> Argument on the Motion for Change of Venue and Motion to Dismiss Individual Capacity Claims filed upon behalf of defendants, Office of the Sheriff, Tippecanoe County and Tippecanoe County Sheriff's Department Deputy Andrew Warren having been argued to the Court and the Court having taken same under advisement, the Court now finds as a matter of law as follows:

> 1. That pursuant to T.R. 15, the second amended complaint related back to the original complaint.

> 2. That in order for the defendants to prevail upon their Motion to Transfer Venue, the Court is required to consider the Motion to Dismiss the Individual Capacity Claims and, therefore, has jurisdiction to rule on said motion by invitation of the defendants.

> 3. That the defendants have failed to prove that under no set of facts would the plaintiffs be entitled to recover in their individual capacities.

> 4. That in the context of notice pleading, the lawsuit was filed upon behalf of Donald M. Severson and Sandra A. Severson, individually and as personal representatives of the Estate of Jay T. Severson, deceased.

> 5. That as a matter of law, were the Court to grant the Motion to Dismiss the Individual Capacity Claims of the plaintiffs, the plaintiffs would then be allowed ten days within which to amend their complaint pursuant to T.R.12 and, assuming arguendo that the Court were to grant the Motion to Transfer Venue and the amended complaint was found to

---

1. Separate motions were filed by Purdue University Board of Trustees and its employees, and the Tippecanoe County Sheriff's Department and Deputy Andrew Warren. We make reference to only one motion because we have referred to all the defendants as the Purdue Defendants.

be sufficient to overcome the Motion to Dismiss, Newton County would have actually been a county of preferred venue and the transfer of venue would have been based solely on a defect in the original pleading.

6. That in the context of notice pleading, the Court finds that the aforegoing is not in accordance with the goals of either notice pleading or T.R. 75 subsection (A).

Accordingly, the Motion to Dismiss the Individual Capacity Claims and for Transfer of Venue are hereby denied. (R. 170–172). This appeal ensued.[2]

We have held that a trial court's order on a motion to transfer venue under T.R. 75(A) is an interlocutory order, subject to review under an abuse of discretion standard. *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind.Ct.App.1999). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id.*

Moreover, where the appellee has not favored this court with a brief, we may apply a less stringent standard of review and reverse the decision of the trial court if appellant makes a prima facie showing of reversible error. *Dinsmore v. Lake Electric Company, Inc.*, 719 N.E.2d 1282, 1285 (Ind.Ct.App.1999). The prima facie error rule relieves this court from the burden of controverting arguments advanced for reversal, a duty which properly remains with appellee. *Id.* In this context, 'prima facie' means at first sight, on first appearance, or on the face of it. *Id.* The issue to which we now apply this standard of review is whether the trial court erred by denying the Purdue Defendants' motion to transfer venue.

T.R. 75(A)(5) provides for preferred venue as follows:

(5) the county where either one or more individual plaintiffs reside, the principal office of a governmental organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, if one or more governmental organizations are included as defendants in the complaint. . . .

T.R. 75(A)(5). The Purdue Defendants are located in Tippecanoe County, Indiana. The Seversons reside in Newton County, Indiana. Therefore, Newton County would be a county of preferred venue if the Seversons qualify as individual plaintiffs within the meaning of T.R. 75.

The Seversons filed their complaint in their individual capacity and in their capacity as personal representatives of the Estate. Newton County is not a preferred venue on the basis of the Seversons' capacity as personal representatives of the Estate. Our supreme court has held, while deciding an issue involving T.R. 75(A)(10), that an estate is not an "individual plaintiff" for purposes of the rule. *See RJR Nabisco Holdings, Corp. v. Dunn*, 657 N.E.2d 1220, 1221 (Ind.1995). Further, we have held that a personal representative of a defendant estate is not an "individual defendant" for purposes of preferred venue under T.R. 75(A)(1). *See Shelton v. Wick*, 715 N.E.2d 890, 895 (Ind.Ct.App. 1999). Therefore, we hold that the Seversons, in their capacity as personal representatives of the Estate, were not "individual plaintiffs" for purposes of determining preferred venue pursuant to T.R. 75(A)(5).

The Seversons also alleged that the complaint was brought by them individually, as well. The Purdue Defendants contend that the Seversons have not alleged any individual claims because their complaint is concerned solely with the death of their son, Jay.

---

2. On March 28, 2000, we issued an order denying the Seversons' Amended Verified Petition for Leave to File Belated Briefs of Appellees. The Seversons subsequently have filed a request for oral argument in this mat-

ter, which we deny. The Seversons also have filed a Verified Petition To Reconsider Denial of Leave To File Belated Brief of Appellees, which we deny.

 After reviewing the complaint[3], even under notice pleading, the Seversons did not allege the existence of an individual right that was violated, separate and distinct from Jay's rights, or the existence of damages which they, and not Jay, suffered. Under notice pleading, a plaintiff need only plead the operative facts involved in the litigation. *Donahue v. St. Joseph County ex. rel. Board of Commissioners of St. Joseph County,* 720 N.E.2d 1236, 1239 (Ind.Ct.App.1999). The plaintiff is required to provide a clear and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiff plans to pursue. *Id.* A complaint is sufficient if it states any set of allegations, no matter how unartfully pleaded, upon which the trial court could have granted relief. *Id.* Interestingly, this defect is corrected in the Second Amended Complaint. Paragraphs providing factual allegations relating to the Seversons individually were added. Therefore, because there is no individual claim belonging to the Seversons as alleged in the First Amended Complaint, a complaint which was properly before the trial court, they are not individual plaintiffs for the purpose of determining preferred venue.

 T.R. 75(A) provides that a lawsuit may be filed in any county in Indiana. But, once a party files a motion to transfer the case to a county of preferred venue, the trial court must transfer the case to the county selected by the moving party if the county in which the suit was filed is not a county of preferred venue. T.R.75(A). Preferred venue is determined by examining subsections (1) through (9) of T.R. 75(A). If none of those subsections is applicable, then preferred venue is established by T.R. 75(A)(10).

Once a motion to transfer venue has been filed in the trial court, T.R. 78 provides that the trial court has jurisdiction to rule upon that motion and emergency matters. In the present case, it is apparent from the record that the trial court erred by allowing the Seversons to further amend their complaint. The motion to transfer venue had already been filed. Therefore, the trial court was only authorized to rule upon emergency matters, which the amendment of the complaint was not, and on the transfer of venue motion.

Further, the trial judge erred by concluding that he needed to rule upon the Purdue Defendants' Motion to Dismiss. The transfer of venue analysis involved determining whether the Seversons' individual capacity claims were supported by the allegations of the complaint. However, that analysis occurs separate from the motion to dismiss. When the trial judge was making a final determination regarding those claims, he should have been doing so while ruling on the transfer of venue motion. Therefore, the trial court erred by ruling on the motion to dismiss because the transfer of venue motion had already been filed.

The order of the trial court denying transfer of venue from Newton County to Tippecanoe County must be reversed. Based upon the materials properly before the trial court, the Seversons were not individual plaintiffs for purposes of T.R.75 in either the individual capacity, or in their capacity as personal representatives of the Estate. Further, the trial court erred by allowing the Second Amended Complaint to be filed, and by ruling on the Purdue Defendants' Motion To Dismiss.

Reversed.

RILEY, J., and VAIDIK, J., concur.

---

3. We looked to the First Amended Complaint in conducting our review, because, as noted below, the trial court erred by allowing the Seversons to amend their complaint when the motion to transfer venue previously had been filed.